JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -6 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 716

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SBS/MCI TELECOMMUNICATIONS SERVICE CONTRACT LITIGATION

ORDER DENYING TRANSFER*

   This litigation consists of the two actions listed on the attached Schedule A and pending, respectively, in the Northern District of California and the Southern District of New York.[1/] Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendants MCI Telecommunications Corp. and Satellite Business Systems, for an order transferring the actions to either the Eastern District of Michigan or the District of the District of Columbia for coordinated or consolidated pretrial proceedings. The plaintiffs in the two actions oppose the motion.

   On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Given the minimal number of actions before us, movants have failed to persuade us that any common questions of fact that may be involved in these actions are sufficiently complex, and that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). Furthermore, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978).

   IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

*signature*

Andrew A. Caffrey
Chairman

---

\*   Judge Louis H. Pollak took no part in the decision of this matter.

[1/]  The Section 1407 motion as originally filed with the Panel pertained to two actions in the Southern District of New York. The second action was dismissed without prejudice pursuant to a November 6, 1986 stipulation among the parties. Accordingly, the question of transfer with respect to that action, Brookman & Brookman, P.C., etc. v. MCI Telecommunications Corp., et al., S.D.N.Y., C.A. No. 86-Civ-7782, is moot.

SCHEDULE A

<u>MDL-716 -- In re SBS/MCI Telecommunications Service Contract Litigation</u>

<u>Northern District of California</u>

<u>Ruth Redding, et al. v. MCI Telecommunications Corp., et al., C.A. No. C86-5498-CAL</u>

<u>Southern District of New York</u>

<u>Brookman & Brookman, P.C., etc. v. MCI Telecommunications Corp., et al., C.A. No. 86-Civ-7040</u>